IN THE UNITED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

VS.                       CASE NO. 4;0940014-001

YVONNE SMITH DOCKERY                                       DEFENDANT

**ORDER**

On September 8, 2009, the Defendant, Yvonne Smith Dockery, filed a Notice of Removal

(Doc. No. 1) seeking removal of her pending criminal prosecution in CR2009-176-3 from the

Circuit Court of Miller County, Arkansas to this Court pursuant to 28 U.S.C. § 1443.  On

September 15, 2009, the Defendant filed a Motion and Brief Supporting the Notice of Removal.

(Doc. No. 4).  Thereafter, on September 16, 2009, the State of Arkansas filed a Motion for

Remand (Doc. No. 6) contending that the Defendant's Notice of Removal does not satisfy the

requirements of removal under section 1443.  The State also contends that Defendant's Notice of

Removal is untimely.  On September 17, 2009, the parties appeared before this Court for a

hearing on the matter.

A defendant may remove a criminal prosecution initiated in state court if the case is

"[a]gainst any person who is denied or cannot enforce in the courts of such State a right under

any law providing for the equal civil rights of citizens of the United States, or of all persons

within the jurisdiction thereof."  28 U.S.C. § 1443(1).  In order to remove a criminal prosecution

under section 1443, a defendant must satisfy a two prong test: "First, the petitioner must show

that the right upon which the petitioner relies arises under a federal law 'providing for specific

civil rights stated in terms of racial equality.'  Second, the petitioner must show that he has been

denied or cannot enforce that right in the state courts." *Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790-91, 61 L.Ed.2d 925 (1966)). Broad assertions under the Equal Protection clause or 42 U.S.C. §1983 are not sufficient to support a valid claim of removal because racial equality rights do not include rights of general application available to all citizens. *Georgia v. Rachel,* 384 U.S. at 792.

In this case,  the Defendant alleges that she is the victim of arbitrary discrimination, prosecutorial misconduct, unfair treatment, and denial of Due Process and Equal Protection in State court.  These broad allegations do not satisfy the requirement of removal pursuant to 28 U.S.C. section 1443(1).  *Id.*  Therefore, this Court lacks removal jurisdiction of this matter.

Removal of a state criminal prosecution to federal court must normally be brought "not later than 30 days after the arraignment in State court"  unless good cause is shown.  28 U.S.C. § 1446(c)(1).  In this case, the Defendant filed her Notice of Removal well past the 30 days time limit set forth in section 1446.  She has also failed to show the Court good cause for this delay. Therefore, the Defendant's Notice of Removal is untimely, and should be dismissed.

For the reasons stated herein, the Court finds that removal of the Defendant's State court criminal prosecution to this Court is improper under 28 U.S.C. § 1443.  Accordingly, the Defendant's Notice of Removal (Doc. No. 1) is hereby dismissed and her Motion and Brief in Support (Doc. No. 4) is hereby denied.  The State of Arkansas's Motion to Remand is hereby granted.  This matter is hereby **remanded** to the Circuit Court of Miller County, Arkansas for proper adjudication.

IT IS SO ORDERED, this 17th day of September, 2009.

_____/s/Harry F. Barnes_____
Hon. Harry F. Barnes
United States District Judge